**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| YETI COOLERS, LLC, | |
|      Plaintiff, | NO. 1:16-cv-00985 |
| v. | **ORAL ARGUMENT REQUESTED** |
| RTIC COOLERS, LLC,<br>RTIC DRINKWARE, LLC,<br>RTIC WEB SERVICES, LLC, | |
|      Defendants. | |

**<u>DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>**

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................1

II.  LEGAL STANDARD GOVERNING A 12(b)(6) MOTION TO DISMISS .........................2

III. ARGUMENT ........................................................................................................3

    A.   Plaintiff Failed To Adequately Allege Any Protectable Trade Dress Rights .........3

    B.   Plaintiff Failed To Adequately Allege Its Claims For Federal And Common
        Law Trade Dress Infringement (Counts I And V) ................................................7

        1.   Plaintiff Failed To Plead With Sufficient Particularity That Its Alleged
            Trade Dress Is Protectable ...........................................................................7

        2.   Plaintiff Failed To Plead With Sufficient Particularity That There Is A
            Likelihood Of Confusion .............................................................................11

    C.   Plaintiff Failed To Adequately Allege Its Claims For False Designation Of
        Origin, Federal And Common Law Unfair Competition, And Unjust
        Enrichment (Counts II, VII, And IX) ................................................................12

    D.   Plaintiff Failed To Adequately Allege Its Claim For Common Law
        Misappropriation (Count VIII) ........................................................................14

    E.   Plaintiff Failed To Adequately Allege Its Claims For Dilution Under Federal
        And State Law (Counts III And IV) ..................................................................15

        1.   Plaintiff Failed To Plead With Sufficient Particularity Facts Necessary
            For A Claim Of Dilution Under Federal Law ...........................................15

            a)   Dilution Protection Is Reserved For Truly Famous Household
                Names ........................................................................................16

            b)   Plaintiff Failed to Adequately Plead The Requisite Fame ............18

        2.   Plaintiff Failed To Plead With Sufficient Particularity Facts Necessary
            For A Claim Of Dilution Under State Law ..............................................20

IV. CONCLUSION ....................................................................................................20

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazing Spaces, Inc. v. Metro Mini Storage*,
    608 F.3d 225 (5th Cir. 2010) ......................................................................9, 11, 13

*Bank of Tex. v. Commerce Sw., Inc.*,
    741 F.2d 785 (5th Cir.1984) ...............................................................................11

*Bayco Prod., Inc. v. Lynch*,
    No. 3:10-CV-1820-D, 2011 WL 1602571 (N.D. Tex. Apr. 28, 2011) ....................8

*Bd. of Regents, Univ. of Texas Sys. ex rel. Univ. of Tex. at Austin v. KST Elec., Ltd.*,
    550 F. Supp. 2d 657 (W.D. Tex. 2008)............................................16, 17, 18, 19

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................2

*Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*,
    No. 11-CIV-8921 DAB, 2013 WL 6670584 (S.D.N.Y. Mar. 29, 2013) ...............18

*Bulbs 4 E. Side, Inc. v. Ricks*,
    No. 4:14-CV-3672, 2016 WL 4208564 (S.D. Tex. Aug. 10, 2016) ......................20

*Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*,
    659 F.2d 695 (5th Cir. 1981) ...............................................................................7

*Clearline Techs. Ltd. v. Cooper B-Line, Inc.*,
    948 F. Supp. 2d 691 (S.D. Tex. 2013) ...............................................................7, 9

*Clearline Techs. Ltd. v. Cooper B-Line, Inc.*,
    No. CIV.A. H-11-1420, 2012 WL 43366 (S.D. Tex. Jan. 9, 2012).......................12

*Condom Sense, Inc. v. Alshalabi*,
    390 S.W.3d 734 (Tex. App. 2012)........................................................................13

*Deere & Co. v. MTD Holdings Inc.*,
    No. 00-Civ-5936, 2003 WL 22439778 (S.D.N.Y. Oct. 28, 2003)........................19

*Dresser-Rand Co. v. Virtual Automation Inc.*,
    361 F.3d 831 (5th Cir. 2004) ...............................................................................14

*General Motors Corp. v. Lanard Toys, Inc.*,
    468 F.3d 405 (6th Cir. 2006) .................................................................................3

*Glassybaby, LLC v. Provide Gifts, Inc.*,
  No. C11-380, 2011 WL 2218583 (W.D. Wash. June 6, 2011)...............................................4

*Hassan v. Greater Houston Transp. Co.*,
  237 S.W.3d 727 (Tex. App. 2007)......................................................................................7

*Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*,
  No. 12-CIV-8205, 2013 WL 3943267 (S.D.N.Y. July 31, 2013)......................................16

*Heller Inc. v. Design Within Reach, Inc.*,
  No. 09-CIV-1909(JGK), 2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009) ........................17, 18

*ID7D Co. v. Sears Holding Corp.*,
  No. 311-CV-1054 VLB, 2012 WL 1247329 (D. Conn. Apr. 13, 2012).....................3, 4, 8, 10

*Liko AB v. Rise Lifts, Inc.*,
  No. 07-CV-5302, 2008 WL 2977869 (E.D. Pa. July 31, 2008)..........................................4, 6

*Mackey v. Helfrich*,
  442 F. App'x 948 (5th Cir. 2011) .........................................................................................2

*Mike Vaughn Custom Sports, Inc. v. Piku*,
  15 F. Supp. 3d 735, 747 (E.D. Mich. 2014)..........................................................................6

*New York Pizzeria, Inc. v. Syal*,
  56 F. Supp. 3d 875, 882 (S.D. Tex. 2014) .............................................................................3

*Nike, Inc. v. Nikepal Int'l, Inc.*,
  No. 05-Civ-1468, 2007 WL 2782030 (E.D. Cal. Sept. 18, 2007) .......................................17

*Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*,
  783 F.3d 527 (5th Cir. 2015) .........................................................................................11, 16

*Pebble Beach Co. v. Tour 18 I Ltd.*,
  155 F.3d 526 (5th Cir. 1998) ................................................................................................8

*Provident Precious Metals, LLC v. Nw. Territorial Mint, LLC*,
  117 F. Supp. 3d 879, 903 (N.D. Tex. 2015) ...................................................................13, 14

*Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*,
  No. 04-02-00188-CV, 2003 WL 21972724 (Tex. App. Aug. 20, 2003) ..............................13

*Sauceda v. Wells Fargo Bank, N.A.*,
  No. SA-12-CV-01094-DAE, 2013 WL 690534 (W.D. Tex. Feb. 25, 2013)...........................2

*Shevy Custom Wigs, Inc. v. Aggie Wigs*,
  No. 06 CV 1657, 2006 WL 3335008 (E.D.N.Y. Nov. 17, 2006) ...........................................4

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
   505 U.S. 763 (1992) (J. Stevens, concurring) ..................................................12

*US Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*,
   No. 3:11-CV-2843-M-BN, 2013 WL 4504754 (N.D. Tex. Aug. 20, 2013) ..........................13

*Wal-Mart Stores, Inc. v. Samara Bros.*,
   529 U.S. 205 (2000) ........................................................................7

*Walker v. Cotter Properties, Inc.*,
   181 S.W.3d 895, 900 (Tex.App.-Dallas 2006, no pet.) ........................................13

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.*,
   576 F.3d 221 (5th Cir. 2009) ..............................................................12

## **Statutes**

15 U.S.C. § 1125(a) ......................................................................*passim*

Tex. Bus. & Com. Code § 16.103(a) ........................................................20

## **Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...............................................1, 2, 3

Local Rule CV-5(a)(3) ....................................................................22

1 McCarthy on Trademarks and Unfair Competition § 8:3 (4th ed.) ...........................4

2 McCarthy on Trademarks and Unfair Competition § 16:34 (4th ed.) .........................9

Defendants RTIC Coolers, LLC, RTIC Drinkware, LLC, and RTIC Web Services, LLC (collectively, "Defendants") submit this motion to dismiss the Complaint filed by plaintiff YETI Coolers, LLC ("Plaintiff") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  As set forth below, Defendants move to dismiss Plaintiff's entire Complaint (Counts I-IX)[1] because Plaintiff failed to adequately allege any protectable trade dress rights and failed to adequately allege any of its eight claims against Defendants.

## I.    INTRODUCTION

Like hundreds of other companies, Plaintiff and Defendants both sell basic, stainless-steel, beverage bottles with black caps.  Unlike these other companies, however, Plaintiff (which has sold its "Rambler" bottles at issue for *less than one year*) has taken the additional steps of claiming that it has protectable rights in the trade dress of its bottles, and is improperly attempting to enforce those alleged rights against its competitors.  Under well-established principles of trademark law, there can be no dispute that Plaintiff simply cannot (and does not) own rights in such a ubiquitous product and design that it has sold for a handful of months.

It is not surprising, then, that Plaintiff was unable to allege with *any* particularity its claims against Defendants for trade dress infringement, unfair competition and false designation of origin, dilution, misappropriation, and unjust enrichment.  Plaintiff's Complaint is devoid of any facts that would make its claims even remotely plausible, and instead is merely a blanket recitation of the legal standard for each of its claims.  Recognizing the weakness of its claims, Plaintiff also

---

[1] The counts in the Complaint are incorrectly numbered. Plaintiff's "Count VII" is actually the sixth count, Count VIII is actually the seventh count, and Count IX is actually the eighth count. To avoid confusion, Defendants refer herein to the roman numerals used by Plaintiff, but there are only eight counts in the Complaint (not nine).

1

improperly attempts to import the alleged goodwill and purported source-identifying features of Plaintiff's other insulated products and the "YETI" brand to the shape of the more recently-released "Rambler" bottles that are actually at issue in this case. Because Plaintiff did not—and will never be able to—sufficiently allege any of these claims against Defendants, the Court should dismiss Plaintiff's entire Complaint without leave to amend.

## II.     LEGAL STANDARD GOVERNING A 12(b)(6) MOTION TO DISMISS

Rule 12(b)(6) mandates dismissal when a plaintiff has failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate when, as here, a plaintiff has failed to offer sufficient factual allegations that make its asserted claims plausible on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's obligation is to provide the grounds for its entitlement to relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

The Court also may not accept as true a "legal conclusion couched as a factual allegation." *Mackey v. Helfrich*, 442 F. App'x 948, 949 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Sauceda v. Wells Fargo Bank, N.A.*, No. SA-12-CV-01094-DAE, 2013 WL 690534, at *1 (W.D. Tex. Feb. 25, 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)) (noting that "although all reasonable inferences will be resolved in favor of plaintiff," the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Thus, a claim will be dismissed if the claimant fails to plead the factual allegations necessary to make a claim plausible. Such is the case here.

## III.   ARGUMENT

### A.   PLAINTIFF FAILED TO ADEQUATELY ALLEGE ANY PROTECTABLE TRADE DRESS RIGHTS

At a threshold level, none of Plaintiff's claims can survive because it failed to fulfill even the most basic requirement of sufficiently identifying its purported rights in its asserted trade dress. To allege that trade dress is protectable, a plaintiff must state "exactly what [its] trade dress consists of." *General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 415–16 (6th Cir. 2006). For example, a plaintiff described its barbecue grill trade dress as including the following elements:

> [A] shiny exterior comprised of a rounded trapezoidal shaped lid on top, with a plastic handle and a rounded trapezoidal base pan at the bottom. The entire grilling unit is secured on top of four wire chrome legs with curved feet. The lid also has three cartouche-shaped opening / cutouts in series on its left and right sides and four additional cutouts on the back arranged in parallel with two cutouts in each row. The base pan also has similar cutouts with two such openings on the left and also on the right side. The lid also has a sheet metal plate attached in the back imprinted on which, is technical information regarding the burner and its proper use.

*ID7D Co. v. Sears Holding Corp.*, No. 311-CV-1054 VLB, 2012 WL 1247329, at *1 (D. Conn. Apr. 13, 2012). The Court dismissed the complaint with prejudice, finding that even this detailed description was ***not*** a "precise expression of the character and scope of the claimed trade dress." *Id.* at *8–*10 ("Plaintiff's claimed trade dress seeks protection for what appears to be the basic design or general configuration of a generic portable grill. ***If the Court were to grant trade dress protection to what is essentially an 'ordinary product design' that would create a 'monopoly in the goods themselves.***'" (citation omitted) (emphasis added)).

Courts routinely dismiss trade dress claims under Rule 12(b)(6) when plaintiffs fail to specify the trade dress in question with sufficient particularity. *See, e.g.*, *New York Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875, 882 (S.D. Tex. 2014) (dismissing plaintiff's complaint based on its trade dress for "plating" baked ziti and eggplant parmesan dishes for failing, among other things, to allege what it has a protected trade dress interest in); *Liko AB v. Rise Lifts, Inc.*, No. 07-CV-

5302, 2008 WL 2977869, at *6 (E.D. Pa. July 31, 2008) (dismissing trade dress claims as insufficiently pled where the "description of the trade dress at issue is, by the very words of the description itself, incomplete ('including but not limited to') and vague ('the overall shape and appearance of its portable patient lifts')"); *Glassybaby, LLC v. Provide Gifts, Inc.*, No. C11-380, 2011 WL 2218583, at *2 (W.D. Wash. June 6, 2011) (dismissing trade dress claims as insufficient when the complaint alleging "distinctive design of Glassybaby hand-blown glass containers" did not "describe the design in any detail," making it "[im]possible to determine what the features of the votive candleholders are and whether they are functional or non-functional"); *Shevy Custom Wigs, Inc. v. Aggie Wigs*, No. 06 CV 1657, 2006 WL 3335008, at *1 (E.D.N.Y. Nov. 17, 2006) (dismissing trade dress claims as legally insufficient when plaintiff failed to describe any features that made the "lace band" or "multi-directional part" of its wigs unique); *see also* 1 MᴄCᴀʀᴛʜʏ ᴏɴ Tʀᴀᴅᴇᴍᴀʀᴋs ᴀɴᴅ Uɴꜰᴀɪʀ Cᴏᴍᴘᴇᴛɪᴛɪᴏɴ § 8:3 (4th ed.) (collecting cases).

Like the plaintiff in *ID7D*, Plaintiff is improperly attempting to protect an "ordinary product design," so that it can achieve a monopoly on the stainless-steel-bottle market. Indeed, the complaint, **by the very words of the description** of the trade dress itself, is incomplete (for example, phrases like "including, but not limited to" Dkt. No. 1 (Complaint) (hereinafter, "Compl.") ¶¶ 14, 16, 18) and vague (for examples, phrases like "the overall look and appearance" *Id.*); *see Liko AB*, 2008 WL 2977869, at *6 (dismissing complaint with similar language as here, stating the time to provide specificity regarding the trade dress at issue was at the pleading stage). Plaintiff attempts to disguise the fact that its bottles do not contain **any** unique, protectable elements by including superficially lengthy descriptions of generic features that are common to **any** stainless-steel beverage bottles currently available for sale by many companies:

> YETI has trade dress rights in the overall look and appearance of the YETI 18 oz.
> Rambler® Bottle, including, but not limited to, the visual flow of the YETI 18 oz.

Rambler® Bottle; the curves and lines in the YETI 18 oz. Rambler® Bottle; the design, style and appearance of these curves and lines in the YETI 18 oz. Rambler® Bottle; the visual connection and relationship between the curves and lines in the YETI 18 oz. Rambler® Bottle; the style, design and appearance of design aspects of the YETI 18 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 18 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the bottle cap on the YETI 18 oz. Rambler® Bottle; and the overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI 18 oz. Rambler® Bottle.

*Id*. ¶ 14 (describing the 18 oz. bottle).

In reality, Plaintiff's meandering, paragraph-long description of its alleged rights can be boiled down to the following ten, simple, generic features:

| Language in Complaint[2] | What Plaintiff is Actually Asserting |
|---|---|
| The curves and lines in the YETI 18 oz. Rambler® Bottle; the design, style and appearance of these curves and lines in the YETI 18 oz. Rambler® Bottle; the visual connection and relationship between the curves and lines in the YETI 18 oz. Rambler® Bottle | Curves and lines (a cylinder) |
| The design and appearance of the walls of the YETI 18 oz. Rambler® Bottle | The walls of the bottle |
| The design, appearance, and placement of the side walls of the cap of the YETI 18 oz. Rambler® Bottle | The walls of the cap |
| The design and appearance of the rim of the YETI 18 oz. Rambler® Bottle | The rim |

---

[2] This chart contains the description of the alleged trade dress of the 18 oz. bottle. *See* Compl. ¶ 14. The descriptions of the 36 oz. and 64 oz. bottles are identical except for the addition of "tapers" to the "curves and lines" phrase, and "the design, appearance, and placement of the taper in the side wall" of the 36 oz. bottle (i.e., the walls). *Id*. ¶ 16; *see also id*. ¶ 18 (similar).

| Language in Complaint[2] | What Plaintiff is Actually Asserting |
|---|---|
| The design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle | The line around the base |
| The design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle | Taper in the cap |
| The design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle | The handle |
| The design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle | The top of the cap |
| The color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the bottle cap on the YETI 18 oz. Rambler® Bottle | The color (unspecified) |
| The overall look and appearance of the YETI 18 oz. Rambler® Bottle; overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI 18 oz. Rambler® Bottle; the visual flow of the YETI 18 oz. Rambler® Bottle; the style, design and appearance of design aspects of the YETI 18 oz. Rambler® Bottle | Overall look and appearance |

Further, Plaintiff's inclusion of photographs of its beverage bottles is not sufficient to provide notice of the elements that are alleged to constitute Plaintiff's trade dress. *Liko AB*, 2008 WL 2977869 at *6 (dismissing plaintiff's claims when plaintiff asserted general features of a patient lift like the "slingbar," "color size meter," the overall shape and appearance, and included photographs, stating, "[t]he mere attachment of photographs is not sufficient to provide notice of what elements are alleged to constitute the trade dress at issue"); *see also Mike Vaughn Custom Sports, Inc. v. Piku*, 15 F. Supp. 3d 735, 747 (E.D. Mich. 2014) ("[I]mages alone do not satisfy plaintiff's obligation to articulate the distinctive features of the trade dress.").

As demonstrated above, the "curves and lines," "walls," "rim," "taper" and "top" of the cap, "handle," unspecified color, and "overall look and appearance" of Plaintiff's "trade dress" simply comprise generic, stainless-steel, beverage bottles sold by many companies and owned by

millions of Americans across the country.  On this basis alone, Plaintiff's claims fail, and the Court

should dismiss the Complaint without leave to amend.

### B.   PLAINTIFF FAILED TO ADEQUATELY ALLEGE ITS CLAIMS FOR FEDERAL AND COMMON LAW TRADE DRESS INFRINGEMENT (COUNTS I AND V)

To properly plead a claim for trade dress infringement of a product design under 15 U.S.C.

§ 1125(a) and the common law, a plaintiff must plead with particularity that: (1) the trade dress is

protectable; and (2) that infringement has occurred. *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*,

948 F. Supp. 2d 691, 700 (S.D. Tex. 2013).[3]  Under the first prong, a plaintiff must plead that the

alleged design is non-functional and has acquired secondary meaning.  *Id.*; *see also Wal-Mart

Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 213 (2000) (holding that product design cannot be

inherently distinctive, as it "almost invariably serves purposes other than source identification").

Under the second prong, a plaintiff must plead the trade dress creates a likelihood of confusion as

to the source, affiliation, or sponsorship of the alleged infringer's product.  *Id.*  Here, Plaintiff

failed to sufficiently plead that its asserted trade dress is protectable and that there is a likelihood

of confusion.  Instead, Plaintiff simply recited legal conclusions as though they are facts.

### 1.   Plaintiff Failed To Plead With Sufficient Particularity That Its Alleged Trade Dress Is Protectable

Plaintiff did not plead facts sufficient to allege that its alleged bottle design is non-

functional and has acquired secondary meaning.  ***First***, Plaintiff's unsupported conclusion that its

alleged trade dress is non-functional is insufficient.  *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d

---

[3] The common law and Lanham Act overlap such that the recovery under state law cannot be greater than that accorded under 15 U.S.C. § 1125(a). *Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 696–97, 706 (5th Cir. 1981). Texas courts also analyze trade dress infringement under a similar rubric as federal cases. *See e.g.*, *Hassan v. Greater Houston Transp. Co.*, 237 S.W.3d 727, 73–34 (Tex. App. 2007) (applying Fifth Circuit and Supreme Court tests for establishing secondary meaning).

526, 537 (5th Cir. 1998) ("The Lanham Act protects only nonfunctional distinctive trade dress; . . . ."); *ID7D Co. v. Sears Holding Corp.*, No. 311-CV-1054 VLB, 2012 WL 1247329, at \*6 (D. Conn. Apr. 13, 2012) ("[T]he person who asserts [unregistered] trade dress protection has the burden of proving that the matter sought to be protected is not functional."). There is a "statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection." *ID7D*, 2012 WL 1247329 at \*6; *see* 15 U.S.C. § 1125(a)(3).

To properly plead non-functionality of product design trade dress, a plaintiff must allege that the feature is not essential to the use or purpose of the article or that it does not affect the cost or quality of the article. *See Bayco Prod., Inc. v. Lynch*, No. 3:10-CV-1820-D, 2011 WL 1602571, at \*8 (N.D. Tex. Apr. 28, 2011) (granting defendant's motion to dismiss because plaintiff failed to plead facts sufficient to show the features of its hand held lighting wand, "such as the rubberized cushioned grip, the elongated ovalesque casing, and the transparent windows," were non-functional). Courts routinely dismiss trade dress infringement claims when plaintiffs fail to adequately plead non-functionality. *See, e.g.*, *id.* at \*9 (stating, as justification for dismissing for lack of well-pled non-functionality that a court can also "'draw on its judicial experience' and take into account the factual context presented in the pleadings, even though '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task'") (quoting *Iqbal*, 556 U.S. at 1950, 1954)); *ID7D*, 2012 WL 1247329, at \*7 (dismissing with prejudice in part because plaintiff pled only conclusory allegations of non-functionality and the elements were "undeniably functional," such as a "plastic handle" and "four wire chrome legs").

Here, Plaintiff abruptly concludes that its designs "have distinctive and non-functional features," but fails to explain in even a cursory manner how the "walls," "rim," "handle," or "cap" of its bottles are non-functional. *Compare* Compl. ¶¶ 9, 12, 36, 42, 48, 55, 62, 68, 75 (stating the

designs are "non-functional") *with id*. ¶¶ 14, 16, 18 (identifying undeniably functional elements like the "walls," "rim," "handle," and "cap"). The stated features of Plaintiff's alleged trade dress are "integral elements" of the bottle and are "the reason the device works"—thus they are all functional. *See Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 700 (S.D. Tex. 2013). Without the walls, the bottle would not exist; without the cap, the bottle would spill and leak; without the rim, a person could not drink from it; and without the handle, a person could not carry the bottle with ease—and Plaintiff's Complaint does not (and cannot) allege otherwise.

**_Second_**, Plaintiff's unsupported conclusion that its alleged trade dress has acquired secondary meaning, is insufficient.[4] To properly plead secondary meaning, a plaintiff must allege sufficient **_facts_** to support the conclusion that "consumers associate the trade dress with a single source," based on seven factors: (1) length and manner of use; (2) sales volume; (3) amount and manner of advertising; (4) nature of use in newspapers and magazines; (5) consumer survey evidence; (6) direct consumer testimony; and (7) the defendant's intent in copying the trade dress. *See Clearline*, 948 F. Supp. 2d at 703; *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 248 (5th Cir. 2010). Courts routinely dismiss product design trade dress infringement claims when plaintiffs fail to plead facts sufficient to support the above elements. *See e.g.*, *ID7D Co.*, 2012 WL 1247329, at \*8, \*10 (dismissing with prejudice plaintiff's complaint when plaintiff stated "'by virtue of widespread sales, the Trade Dress has come to indicate origin with Plaintiff' and that it 'has incurred great expense and has devoted substantial resources to make the barbeque grill

---

[4] Plaintiff also fails to plead anything more than a conclusory statement that it acquired secondary meaning prior to Defendant's first sale. *See* Compl. ¶ 32 ("YETI's Trade Dress . . . and acquired secondary meaning . . . before Defendants commenced their unlawful use of YETI's Trade Dress."); 2 McCarthy on Trademarks and Unfair Competition § 16:34 (4th ed.) ("The majority rule is that the senior user must prove the existence of secondary meaning in its mark at the time and place that the junior user first began use of that mark.").

famous and/or readily recognizable to consumers'" because the conclusory allegations of the factors were insufficient and because "Plaintiff's claimed trade dress seeks protection for what appears to be the basic design or general configuration of a generic portable grill").

Here, like the plaintiff in *ID7D*, Plaintiff has made only conclusory statements such as "YETI has enjoyed significant sales of the Rambler® Bottles throughout the United States . . . YETI has expended significant resources advertising and marketing the Rambler® Bottles," but has pled no specific facts relating to the secondary meaning factors.  *See* Compl. ¶¶ 11, 19.  For example, instead of quantifying the number of Rambler bottles that it has sold, or the amount or manner of its advertisements, Plaintiff cursorily concludes that it has "enjoyed significant sales" and "expended significant resources advertising and marketing."  *Id.* ¶ 11.

Additionally, instead of providing any specific facts regarding Defendants' alleged intentional copying, Plaintiff simply concludes that "Defendants have purposefully advertised, promoted, offered for sale, sold, and distributed, and continue to advertise, promote, offer for sale, sell, and distribute drinkware bottle products that violate YETI's rights, including the rights protected by YETI's Trade Dress."  *Id.* ¶ 26.   Further, Plaintiff fails to make any allegations regarding whether and how the trade dress has appeared in newspapers or magazines, the results of any consumer survey establishing secondary meaning, or any direct consumer testimony.

Finally, Plaintiff does not even ***once*** mention the length of time that it has sold the Rambler bottles (in an obvious attempt to escape the fact that it has sold the bottles for less than one year, which is not nearly enough time for trade dress to acquire secondary meaning).   Secondary meaning usually takes many ***years*** to develop. *See e.g.*, *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 544 (5th Cir. 2015) (holding that ***three-and-a-half years*** of use was "relatively brief and does not alone raise a factual issue for trial with respect to secondary

10

meaning."); *Amazing Spaces, Inc.*, 608 F.3d at 248 (finding an absence of secondary meaning, as a matter of law, where the mark was used for ***ten years***); *Bank of Tex. v. Commerce Sw., Inc.*, 741 F.2d 785, 788 (5th Cir.1984) (finding an absence of secondary meaning despite ***nine years*** of use, and noting that "[a]lthough one party may have been successful in imbuing a name with secondary meaning in ***three short years***, that does not mean that length of time alone is sufficient to establish secondary meaning").  Because it is completely implausible that such generic alleged trade dress has acquired secondary meaning, particularly in such a short period of time, Plaintiff improperly attempts to rely on the alleged renown of its other drinkware, insulated products, and the "YETI" mark: "For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated products, including drinkware."  *Id.* ¶ 9.  This transparent attempt at camouflaging the defects of its complaint cannot overcome the simple fact that Plaintiff has sold its generic bottles for less than one year.

### 2. Plaintiff Failed To Plead With Sufficient Particularity That There Is A Likelihood Of Confusion

Plaintiff has provided no support for its bald assertions of likelihood of confusion.  To properly plead likelihood of confusion, a plaintiff must assert facts sufficient to support conclusions concerning the eight factors the Fifth Circuit uses to determine whether a likelihood of confusion exists (e.g., the source-identifying strength of the trade dress, the similarity of the parties' trade dress, and the channels of advertising).  *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009).  Plaintiff has not pled ***any*** of the factors.  Indeed, the sole factual paragraph concerning likelihood of confusion states, "[a]s a result of Defendants' activities related to the infringing products, there is a strong likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand."  Compl. ¶ 31.

Accordingly, Plaintiff failed to properly plead its trade dress infringement claims, and the Court should dismiss Counts I and V without leave to amend.

### C. PLAINTIFF FAILED TO ADEQUATELY ALLEGE ITS CLAIMS FOR FALSE DESIGNATION OF ORIGIN, FEDERAL AND COMMON LAW UNFAIR COMPETITION, AND UNJUST ENRICHMENT (COUNTS II, VII, AND IX)

For the same reasons that Plaintiff has not sufficiently pled its claims for trade dress infringement, Plaintiff has not sufficiently pled its claims for false designation of origin, unfair competition, and unjust enrichment.

***First***, the Court should treat Plaintiff's claim for federal unfair competition and false designation of origin as the same cause of action as Plaintiff's claim for trade dress infringement. It does not matter whether the cause of action is called federal unfair competition, false designation of origin, or trade dress infringement; the statutory basis (15 U.S.C. § 1125(a)) and the test for infringement are the same. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992) (J. Stevens, concurring). The only two causes of action under Section 1125(a) are (1) infringement of unregistered marks or trade dress, codified at § 1125(a)(1)(A); and (2) false advertising, codified at § 1125(a)(1)(B). *See* 15 U.S.C. § 1125(a); *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, No. CIV.A. H-11-1420, 2012 WL 43366, at *4 (S.D. Tex. Jan. 9, 2012).

Courts have typically treated claims for false designation of origin and infringement of unregistered trade dress as one cause of action. *See, e.g.*, *id.* ("[The plaintiff's] false designation of origin claim is equivalent to [the plaintiff's] asserted claim for trade dress infringement, and therefore the Court will treat them as one."); *US Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC*, No. 3:11-CV-2843-M-BN, 2013 WL 4504754, at *19 (N.D. Tex. Aug. 20, 2013) ("The elements of trademark infringement and false designation of origin are identical, and the same evidence will establish both claims."). Here, because Plaintiff failed to sufficiently plead its claim for trade dress

infringement (and because Plaintiff is not asserting a false advertising claim), the Court should dismiss Plaintiff's false designation of origin claim.

**_Second_**, and similarly, "the Texas common law elements of unfair competition, including trademark, 'are no different than those under federal trademark law.'" *Condom Sense, Inc. v. Alshalabi*, 390 S.W.3d 734, 738 (Tex. App. 2012); *see also Amazing Spaces, Inc.*, 608 F.3d at 250–51 ("The Lanham Act creates a cause of action for trade dress infringement.  This action is analogous to the common law tort of unfair competition.").  Unfair competition is not, in and of itself, a separate tort.  *Reliable Ambulance Serv., Inc. v. Mercy Hosp. of Laredo*, No. 04-02-00188-CV, 2003 WL 21972724, at *2 (Tex. App. Aug. 20, 2003).  Rather, it is an "umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Id.*  "Without some finding of an independent substantive tort or other illegal conduct, liability cannot be premised on the tort of unfair competition." *Provident Precious Metals, LLC v. Nw. Territorial Mint, LLC*, 117 F. Supp. 3d 879, 903 (N.D. Tex. 2015) (quotation omitted).  Thus, if the trade dress infringement, dilution, and misappropriation claims are dismissed (as they should be), then Plaintiff does not have a separate cause of action under unfair competition, and this count should be dismissed with prejudice.

**_Third_**, like Plaintiff's claims under unfair competition, "'unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay.'" *Provident Precious Metals*, 117 F. Supp. 3d at 904 (quoting *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.-Dallas 2006, no pet.)).  Thus, Plaintiff's unjust enrichment claim also rises and falls on its trade dress claims.  *See id.*

13

(granting summary judgment on behalf of accused infringer on unjust enrichment and unfair competition claims where the trade dress was functional and had no secondary meaning).

For the reasons Plaintiff's trade dress infringement claims fail, so too do its false designation of origin, federal and common law unfair competition, and unjust enrichment claims. Accordingly, Plaintiff failed to properly plead its unfair competition claims, and the Court should dismiss Counts II, VII, and IX without leave to amend.

### D.     PLAINTIFF FAILED TO ADEQUATELY ALLEGE ITS CLAIM FOR COMMON LAW MISAPPROPRIATION (COUNT VIII)

To succeed on a claim of common law misappropriation, a plaintiff must prove "(i) the creation of the plaintiff's product through extensive time, labor, skill and money, (ii) the defendant's use of that product in competition with the plaintiff, thereby gaining a special advantage in that competition (i.e., a 'free ride') because defendant is burdened with little or none of the expense incurred by the plaintiff, and (iii) commercial damage to the plaintiff." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004).

Here, Plaintiff pled these elements merely with legal conclusions.  Plaintiff's Complaint simply drops its name into the elements listed above. For example, Plaintiff states "YETI ***created the products*** covered by YETI's Trade Dress ***through extensive time, labor,*** effort, ***skill, and money***," which is nothing more than a recitation of the first element of common law misappropriation.  Compl. ¶ 74 (language identical to element (i) is bolded and italicized; plaintiff added "effort" which is not part of the inquiry).  Nowhere in the Complaint does Plaintiff attempt to quantify the "extensive time, labor, effort, skill, and money."  The same is true for Plaintiff's allegations concerning the other two elements under common law misappropriation.  *Id*.

Additionally, while common law misappropriation is a separate cause of action from trade dress infringement, Plaintiff alleges that the product that Defendant misappropriated ***is*** the trade

dress (*Id.* ¶¶ 74–77) and thus this claim also rises and falls based on the analysis of the trade dress claims; i.e., if Plaintiff does not have trade dress rights in its functional, generic, stainless-steel bottles, then that non-existent trade dress cannot have been misappropriated.  *See* Sections III(A)–(B), *supra*.[5]  Accordingly, Plaintiff failed to properly plead its misappropriation claim, and the Court should dismiss Count VIII without leave to amend.

### E.  PLAINTIFF FAILED TO ADEQUATELY ALLEGE ITS CLAIMS FOR DILUTION UNDER FEDERAL AND STATE LAW (COUNTS III AND IV)

Plaintiff failed to allege with sufficient particularity facts to support its federal and state claims for dilution. The analysis for both is similar, and requires proof of "fame" of the trade dress, which is an extremely high bar that Plaintiff cannot meet. Plaintiff has pled only cursory legal conclusions in support of its allegations of fame and the other elements of its dilution claims.

#### 1.  Plaintiff Failed To Plead With Sufficient Particularity Facts Necessary For A Claim Of Dilution Under Federal Law

To properly plead dilution under the Lanham Act, a plaintiff must allege four elements: (1) that the trade dress is famous and distinctive; (2) the defendant has commenced using a trade dress in commerce that is diluting the plaintiff's trade dress; (3) the similarity between the plaintiff's mark and the defendant's mark gives rise to an association between the marks; and (4) the association is likely to impair the distinctiveness or reputation of the plaintiff's trade dress. *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.,* 783 F.3d 527, 548 (5th Cir. 2015).  Thus, to survive a motion to dismiss a dilution claim, a plaintiff must plead facts sufficient to establish that its alleged mark is famous.  *See Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, No. 12-CIV-8205, 2013 WL 3943267, at *10 (S.D.N.Y. July 31, 2013) (dismissing federal dilution claim on a

---

[5] Plaintiff may argue that it is also asserting its unfair competition and unjust enrichment claims based on its common law misappropriation count; however, since the misappropriation count also depends on Plaintiff's trade dress infringement claims, all rise and fall together.

12(b)(6) motion, finding plaintiff's "Crown Logo" and "Cantamessa" name not famous).  Here, Plaintiff did not—and cannot—allege fame sufficient to support its federal dilution claim.

Plaintiff also failed to sufficiently plead the other elements of its federal and state dilution claims.  Plaintiff pleads no specific facts supporting the conclusion that that the trade dress is distinctive.  There are no factual allegations regarding when Plaintiff's mark allegedly became famous (or even when it began selling the bottles) or when Defendants began selling their products.  Instead, Plaintiff alleges cursory legal conclusions.  *See, e.g.*, Compl. ¶ 48 ("YETI's Trade Dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's Trade Dress); *id*. ("YETI's Trade Dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress"); *id*. ¶ 55 (similar for state law dilution count).  Plaintiff's allegations regarding a "likelihood of dilution" are similarly bare. *See id*. ¶ 49 ("Defendants' use of YETI's Trade Dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by": eroding the public's exclusive identification; lessening the capacity of the alleged trade dress to identify and distinguish; by associating the alleged trade dress with inferior quality products; and by impairing the distinctiveness); *id*. ¶ 56 (similar for state law dilution count).

### a)      Dilution Protection Is Reserved For Truly Famous Household Names

To qualify as "famous," trade dress must be "widely recognized by the general consuming public of the United States as a designation indicating a single source of goods or services."  15 U.S.C. § 1125(c)(2)(A); *Bd. of Regents, Univ. of Texas Sys. ex rel. Univ. of Tex. at Austin v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 674 (W.D. Tex. 2008).  The Lanham Act outlines four factors that a court may consider to determine whether a mark qualifies as "famous": (1) the duration, extent, and geographic reach of advertising and publicity of the mark; (2) the amount, volume, and geographic extent of sales of goods and services offered under the mark; (3) the extent of actual

recognition of the mark; and (4) whether the mark was registered with the United States Patent and Trademark Office. 15 U.S.C. § 1125(c)(2)(A)(i)–(iv); *Bd. of Regents*, 550 F. Supp. 2d at 674.

When evaluating these factors, courts have limited famous marks to those that "receive multi-million-dollar advertising budgets, generate hundreds of millions of dollars in sales annually, and are almost universally recognized by the general public." *Heller Inc. v. Design Within Reach, Inc.*, No. 09-CIV-1909(JGK), 2009 WL 2486054, at *3 (S.D.N.Y. Aug. 14, 2009). For example, the United States District Court for the Eastern District of California found that the NIKE mark is famous, as a result of over $100 million spent on advertising annually and over 100 million pairs of NIKE shoes sold per year in the United States, generating $5 billion in revenue. *Nike, Inc. v. Nikepal Int'l, Inc.*, No. 05-Civ-1468, 2007 WL 2782030, at *3, *6 (E.D. Cal. Sept. 18, 2007).

And even when companies *do* spend millions of dollars to advertise enduring trademarks that generate millions of dollars in revenue, courts still find that these trademarks are not famous because they still have not achieved the requisite degree of universal recognition. For example, the Western District of Texas held that the Texas LONGHORNS mark for a college football team is not famous, despite that: (i) the LONGHORN games were nationally televised; (ii) the team had recently played in the "highest rated college football game" in nearly two decades, and the highest rated in the history of the Bowl Championship Series, which attracted over 35 million viewers; (iii) LONGHORN football players had been featured on the cover of Sports Illustrated ten times; (iv) the University likely held the record for most royalties from merchandising "in a single year"; (v) Forbes had recently rated the LONGHORN college football program the "second most valuable in the country"; and (vi) retail sales of University products had totaled nearly $400 million in a recent year. *Bd. of Regents*, 550 F. Supp. 2d at 678–79.

17

b)  **Plaintiff Failed To Adequately Plead The Requisite Fame**

Courts routinely dismiss dilution claims as facially implausible when plaintiffs fail to plead facts sufficient to show that their marks are famous. *See, e.g.*, *Heller*, 2009 WL 2486054, at *4 (dismissing dilution claim when plaintiff (i) pled that its "Bellini chair" trade dress is known to a niche population of the "relevant public interested in contemporary furniture"; (ii) failed to allege any information about its advertising budget or the strength of consumer recognition; and (iii) had only $1 million in annual revenue). Notably, courts also ***grant*** motions to dismiss even when plaintiffs ***do*** allege underlying facts supporting substantial and longstanding use of the asserted mark because such allegations, while they may be impressive, are simply not enough to allege a truly famous mark. For example, in *Boarding School Review*, the Court dismissed the defendants' federal dilution claims despite factual allegations that the defendants: (i) owned at least 14 educational institutions; (ii) provided services to at least 16,000 people; (iii) had a subsidiary that operated for more than 100 years; (iv) invested "enormous" sums of money in marketing; and (v) experienced "extraordinary and longstanding sales success." *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11-CIV-8921 DAB, 2013 WL 6670584, at *7 (S.D.N.Y. Mar. 29, 2013). The Court found that as a matter of law, these facts "do not make it plausible that Defendants' Marks are truly famous to the general consuming public of the United States." *Id.*

Here, Plaintiff's Complaint fails to plausibly allege that its alleged trade dress is famous among the general consuming public in the United States. Plaintiff simply concludes that through its "extensive and continuous use," the trade dress has "become . . . famous" and "is widely recognized by the general consuming public," without identifying ***any specific or quantifiable facts whatsoever*** regarding: (1) the duration, extent, and reach of its advertising (e.g., for how many months/years it has advertised the Rambler bottles, the dollars spent on advertising the Rambler bottles, where it has advertised the Rambler bottles); (2) the amount and geographic

18

extent of its sales (e.g., the dollar value of its sales and the locations in which it has sold the Rambler bottles); or (3) the extent of the recognition of the mark (e.g., a consumer survey showing that the general consuming public recognizes the Rambler trade dress).  *See* Compl. ¶¶ 9, 48. Plaintiff could not allege any facts regarding (4) the registration of its trade dress with the Trademark Office.  Plaintiff does not, and has not pled that, it owns a federal registration.

Further, it is notable that even in asserting its formulaic conclusions regarding fame, Plaintiff also improperly attempts to rely on the alleged fame of its YETI brand and the alleged renown of the other products that Plaintiff has sold for a longer period of time than the Rambler products.  *See, e.g.*, *id*. ¶ 9 ("***YETI's designs and trademarks*** also have acquired substantial secondary meaning in the marketplace and have become famous.") (emphasis added).  This case does not concern Plaintiff's alleged rights in its YETI brand or any of its other products, and the Court should disregard Plaintiff's attempt to conflate the alleged fame of those products with the more recently-introduced, generically-designed Rambler bottles.

Nevertheless, even if the Complaint alleged particularized facts concerning Plaintiff's sales, marketing, and consumer recognition of only the Rambler bottles at issue, its federal dilution claim would still fail.  Plaintiff's alleged trade dress is decidedly ***not*** analogous to a "household name," and even under the most favorable light it is simply not plausible that Plaintiff's alleged beverage bottle trade dress that has been sold for less than one year is known by "nearly the entire population of the United States."  *See Bd. of Regents*, 550 F. Supp. 2d at 678.  As a result, the Court should dismiss the federal dilution claim with prejudice, without leave to amend.  *Deere & Co. v. MTD Holdings Inc*., No. 00-Civ-5936, 2003 WL 22439778, at *3 (S.D.N.Y. Oct. 28, 2003) (denying plaintiff's motion to amend its complaint because its dilution claim failed as a matter of law—plaintiff could not show that its trade dress was distinctive or famous).

2.    **Plaintiff Failed To Plead With Sufficient Particularity Facts Necessary For A Claim Of Dilution Under State Law**

Plaintiff's Texas dilution cause of action fails for the same reasons as its federal dilution cause of action.  Texas state dilution mirrors the federal cause of action, except that the mark need only be famous within the state of Texas, rather than the entire country. *See* Tex. Bus. & Com. Code § 16.103(a).  The Code was amended several years ago to make the "Texas dilution standard substantially consistent with federal law." *Bulbs 4 E. Side, Inc. v. Ricks*, No. 4:14-CV-3672, 2016 WL 4208564, at *16 (S.D. Tex. Aug. 10, 2016); Tex. Bus. & Com. Code § 16.103(a) (tracking the elements of federal dilution claims: "the owner of a mark that is ***famous*** and distinctive, inherently or through acquired distinctiveness, in this state is entitled to enjoin another person's ***commercial use*** of a mark or trade name ***that begins after the mark has become famous*** if use of the mark or trade name ***is likely to cause the dilution*** of the famous mark." (emphasis added)).

Plaintiff relies on the same conclusory statements with no facts to support its state dilution cause of action as it relied on for its federal dilution cause of action.  *See*, *e.g.*, Compl. ¶¶ 19, 32, 55, 56; *see also, e.g.*, *id.* at ¶ 55 ("Through that extensive and continuous use, YETI's Trade Dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products in the United States and in the State of Texas and in geographic areas in Texas . . ."). Plaintiff's state dilution cause of action should be dismissed without leave to replead.

## IV.    CONCLUSION

Plaintiff's Complaint fails to meet even the most basic pleading standard.  Plaintiff's bare allegations expose the sheer implausibility of its claims, and the Court should dismiss Plaintiff's entire Complaint (Counts I – IX) with prejudice.

Dated:  September 23, 2016                    Respectfully submitted,

                                             */s/ Bailey K. Harris*
                                             **Thomas M. Melsheimer**
                                             Texas Bar No. 13922550
                                             melsheimer@fr.com
                                             **Neil J. McNabnay**
                                             Texas Bar No. 24002583
                                             mcnabnay@fr.com
                                             1717 Main Street, Suite 5000
                                             Dallas, TX 75201
                                             (214) 747-5070 - Telephone
                                             (214) 747-2091 - Facsimile

                                             **William T. "Tommy" Jacks**
                                             Texas Bar No. 10452000
                                             jacks@fr.com
                                             111 Congress Avenue, Suite 810
                                             Austin, TX 78701
                                             (512) 472-5070 - Telephone
                                             (512) 320-8935 - Facsimile

                                             **Bailey K. Harris**
                                             Texas Bar No. 24083139
                                             bharris@fr.com
                                             1221 McKinney St., Suite 2800
                                             Houston, TX 77010
                                             (713) 654-5300 - Telephone
                                             (713) 652-0109 – Facsimile

                                             **Counsel for Defendants**
                                             **RTIC COOLERS, LLC,**
                                             **RTIC DRINKWARE, LLC,**
                                             **RTIC WEB SERVICES, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on September 23, 2016 to all counsel of record who are deemed to

have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Bailey K. Harris*
Bailey K. Harris

22