## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 1:16-cv-00985 |
| Plaintiff, | FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| v. | |
| RTIC Coolers, LLC, | (1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a); |
| RTIC Drinkware, LLC, and | (2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a); |
| RTIC Web Services, LLC, | (3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c); |
| Defendants. | (4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103; |
| | (5) COMMON LAW TRADE DRESS INFRINGEMENT; |
| | (6) COMMON LAW UNFAIR COMPETITION; |
| | (7) COMMON LAW MISAPPROPRIATION; AND |
| | (8) UNJUST ENRICHMENT. |
| | **Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its first amended complaint against Defendants, RTIC Coolers, LLC ("RTIC Coolers"), RTIC Drinkware, LLC ("RTIC Drinkware"), and RTIC Web Services, LLC ("RTIC Web Services") (collectively "Defendants"), alleges as follows:

## The Parties

1.    YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.    RTIC Coolers, LLC is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Suite 110, Houston, TX, 77065.

3.    RTIC Drinkware, LLC is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Suite 110, Houston, TX, 77065.

4.    RTIC Web Services, LLC is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 20702 Hempstead Road, Suite 110, Houston, TX, 77065.

## Jurisdiction and Venue

5.    This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

6.    This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7.    This Court has personal jurisdiction over the Defendants because, *inter alia*, each of the Defendants are incorporated in the State of Texas, each of the Defendants has its principal

places of business in the State of Texas, and Defendants have done and are doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Defendants have advertised, promoted, offered for sale, sold, and distributed, and continue to advertise, promote, offer for sale, sell, and distribute infringing products to customers and potential customers, including through the Defendants' principal website, https://www.rticcoolers.com/ ("RTIC Website"), (ii) Defendants have advertised, promoted, offered for sale, and continue to advertise, promote, and offer for sale infringing products to customers and potential customers through another one of Defendants' principal websites, https://www.facebook.com/rticcoolers ("RTIC Facebook Page"), (iii) Defendants' tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and  (iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

8.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – YETI's Trade Dress**

9.     For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated products, including drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs and its trademarks for years in the United States and in Texas.  Through that extensive and continuous use, YETI's designs and trademarks have become well-known indicators of the origin and quality of YETI and YETI's insulated products.  YETI's designs and trademarks also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail

3

below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

10.     Specifically, YETI sells the following insulated drinkware bottle products, the "YETI 18 oz. Rambler® Bottle," the "YETI 36 oz. Rambler® Bottle," and the "YETI 64 oz. Rambler® Bottle."  Hereinafter these are referred to as "the Rambler® Bottles."  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler® Bottles.

11.     YETI has enjoyed significant sales of the Rambler® Bottles throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler® Bottles.

12.     The Rambler® Bottles designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler® Bottles is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Bottles, YETI's marketing, advertising, and sales of the Rambler® Bottles, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler® Bottles, which consumers have come to uniquely associate with YETI.  YETI's trade dress rights in the designs and appearances of the Rambler® Bottles are collectively referred to as "YETI's Trade Dress."

13.     Illustration 1 below shows an exemplary image of a YETI 18 oz. Rambler® Bottle sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 18 oz. Rambler® Bottle. |
| --- |
|  |

14.     YETI has trade dress rights in the overall look and appearance of the YETI 18 oz. Rambler® Bottle, including, but not limited to, the visual flow of the YETI 18 oz. Rambler® Bottle; the curves and lines in the YETI 18 oz. Rambler® Bottle; the design, style and appearance of these curves and lines in the YETI 18 oz. Rambler® Bottle; the visual connection and relationship between the curves and lines in the YETI 18 oz. Rambler® Bottle; the style, design and appearance of design aspects of the YETI 18 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 18 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 18 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 18 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 18 oz. Rambler® Bottle and the bottle cap on the YETI 18 oz. Rambler® Bottle; and the overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI 18 oz. Rambler® Bottle.

15.     Illustration 2 below shows an exemplary image of a YETI 36 oz. Rambler® Bottle sold by YETI.

5

| Illustration 2:  Exemplary Image of a YETI 36 oz. Rambler® Bottle. |
|---|
|  |

16.     YETI has trade dress rights in the overall look and appearance of the YETI 36 oz. Rambler® Bottle, including, but not limited to, the visual flow of the YETI 36 oz. Rambler® Bottle; the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design, style and appearance of these curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the visual connection and relationship between the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the style, design and appearance of design aspects of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the bottle cap on the YETI 36 oz. Rambler® Bottle; and the overall look

and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI 36 oz. Rambler® Bottle.

17.     Illustration 3 below shows an exemplary image of a YETI 64 oz. Rambler® Bottle sold by YETI.

| **Illustration 3:  Exemplary Image of a YETI 64 oz. Rambler® Bottle.** |
| :---: |
|  |

18.     YETI has trade dress rights in the overall look and appearance of the YETI 64 oz. Rambler® Bottle, including, but not limited to, the visual flow of the YETI 64 oz. Rambler® Bottle; the curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the design, style and appearance of these curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the visual connection and relationship between the curves, tapers, and lines in the YETI 64 oz. Rambler® Bottle; the style, design and appearance of design aspects of the YETI 64 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 64 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 64 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI

64 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 64 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 64 oz. Rambler® Bottle and the bottle cap on the YETI 64 oz. Rambler® Bottle; and the overall look and appearance of the bottle and the bottle with the bottle cap that YETI uses in connection with the YETI 64 oz. Rambler® Bottle.

19.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware bottle products bearing YETI's Trade Dress, and the publicity and attention that has been paid to YETI's Trade Dress, YETI's Trade Dress have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

### General Allegations – Defendants' Unlawful Activities

20.     RTIC is a habitual copier and infringer of YETI products and intellectual property.  RTIC is built on a business model to copy YETI products until forced to stop.

21.     This is the fourth lawsuit that YETI has been forced to file against RTIC in view of RTIC's continual copying and infringement.

22.     YETI first filed suit against RTIC in July 2015 in view of RTIC copying and infringing YETI's rights related to hard coolers.  *YETI Coolers, LLC v. RTIC Coolers, LLC*, No: 1:15-cv-00597-RP (W.D. Tex.).

23.     YETI then filed suit against RTIC in March 2016 in view of RTIC copying and infringing YETI's rights related to drinkware.  *YETI Coolers, LLC v. RTIC Coolers, LLC, et al.* No. 1:16-cv-00264-RP (W.D. Tex.).

24.     YETI then filed suit against RTIC in July 2016 in view of RTIC copying and infringing YETI's rights related to soft coolers.  *YETI Coolers, LLC v. RTIC Coolers, LLC, et al.* No. 1:16-cv-00909-RP (W.D. Tex.).

25.     RTIC's copying and infringement continues with the conduct giving rise to this lawsuit.

26.     Specifically, Defendants have purposefully advertised, promoted, offered for sale, sold, and distributed, and continue to advertise, promote, offer for sale, sell, and distribute drinkware bottle products that violate YETI's rights, including the rights protected by YETI's Trade Dress.  On information and belief, Defendants also are making or having made and/or importing the infringing products into the United States.  Defendants' infringing products are confusingly similar imitations of YETI's products.  Defendants' actions have all been without the authorization of YETI.

27.     Illustrations 4-6 below show examples of Defendants' infringing products.

| **Illustration 4:  Exemplary Image of RTIC 18 oz. Bottle Infringing Product.** |
|:---:|



| **Illustration 5:  Exemplary Image of RTIC 36 oz. Bottle Infringing Product.** |
|:---:|

| **Illustration 6:  Exemplary Image of RTIC 64 oz. Bottle Infringing Product.** |
|:---:|

28.     Infringing bottles are promoted, offered for sale and sold at least on the RTIC Website and the RTIC Facebook Page.

29.     According to allegations made by Defendants in other court filings, the RTIC Website has been owned, operated and maintained by RTIC Web Services since March 7, 2016.

30.     According to allegations made by Defendants in other court filings, RTIC Drinkware promotes and, on information and belief, offers for sale, RTIC drinkware bottle products, including on the RTIC Website.

31.     As a result of Defendants' activities related to the infringing products, there is a strong likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

32.     YETI used YETI's Trade Dress extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing Defendants' infringing products.  Moreover, YETI's Trade Dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced their unlawful use of YETI's Trade Dress.

33.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

**Count I:**
**Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

34.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's Trade Dress.  Defendants' use of YETI's Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

36.     YETI's Trade Dress is entitled to protection under the Lanham Act.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its Trade Dress in the United States.  Through that extensive and continuous use, YETI's Trade Dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products. YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

37.     Defendants' use of YETI's Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

38.     Defendants' use of YETI's Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

39.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count II:
## Unfair Competition and False Designation of Origin Under § 43(a)
## of the Lanham Act, 15 U.S.C. § 1125(a)

40.      YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.      Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to Defendants' use of YETI's Trade Dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

42.      YETI's Trade Dress is entitled to protection under the Lanham Act.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its Trade Dress in the United States.  Through that extensive and continuous use, YETI's Trade Dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products.  YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

43.      Defendants' use of YETI's Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury

to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

44.    Defendants' use of YETI's Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

45.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count III:
### Trade Dress Dilution Under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

46.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.    Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48.    YETI's Trade Dress is entitled to protection under the Lanham Act.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI's Trade Dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's Trade Dress in the United States.  Through that extensive and continuous use, YETI's Trade Dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware bottle products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware bottle products.  YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trade Dress became famous and acquired this secondary

meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

49.     Defendants' use of YETI's Trade Dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous Trade Dress with YETI and YETI's insulated drinkware bottle products, by lessening the capacity of YETI's famous Trade Dress to identify and distinguish YETI's insulated drinkware bottle products, by associating YETI's Trade Dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous Trade Dress.

50.     Defendants' use of YETI's Trade Dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

51.     Defendants' use of YETI's Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

52.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count IV:
### Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103

53.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

15

54.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

55.     YETI's Trade Dress is entitled to protection under Texas law.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its Trade Dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's Trade Dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products in the United States and in the State of Texas and in geographic areas in Texas, and YETI's Trade Dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware bottle products.  YETI's Trade Dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's Trade Dress became famous and acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

56.     Defendants' use of YETI's Trade Dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous Trade Dress at least by eroding the public's exclusive identification of YETI's famous Trade Dress with YETI, by lessening the capacity of YETI's famous Trade Dress to identify and distinguish YETI's insulated drinkware bottle products, by associating YETI's Trade Dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous Trade Dress.

57.     Defendants' use of YETI's Trade Dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable

injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

58.     Defendants' use of YETI's Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress Infringement**

60.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 59 as though fully set forth herein.

61.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Defendants' use of YETI's Trade Dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

62.     YETI's Trade Dress is entitled to protection under the common law.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its Trade Dress in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trade Dress has become a well-known

indicator of the origin and quality of YETI's insulated drinkware bottle products.  YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

63.     Defendants' use of YETI's Trade Dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

64.     Defendants' use of YETI's Trade Dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

65.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Unfair Competition

66.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Defendants' goods, by simulating YETI's Trade Dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false

and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI. Defendants have also interfered with YETI's business.

68.     YETI's Trade Dress is entitled to protection under the common law. YETI's Trade Dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's Trade Dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's Trade Dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products. YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

69.     Defendants' use of YETI's Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

70.     Defendants' use of YETI's Trade Dress has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Misappropriation**

72.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

74.     YETI created the products covered by YETI's Trade Dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used YETI's Trade Dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

75.     YETI's Trade Dress is entitled to protection under the common law.  YETI's Trade Dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's Trade Dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's Trade Dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products.  YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress in connection with the infringing products.

76.     Defendants' use of YETI's Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.  Moreover, as a result of its misappropriation, Defendants have profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products.

77.     Defendants' misappropriation of YETI's Trade Dress has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

78.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Unjust Enrichment**

79.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 78 as though fully set forth herein.

80.     Defendants' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense.  Defendants have also, *inter alia*, operated with an undue advantage.

81.     YETI created the products covered by YETI's Trade Dress through extensive time, labor, effort, skill, and money.  Defendants have wrongfully used and are wrongfully using

YETI's Trade Dress, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use. Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

82.    YETI's Trade Dress is entitled to protection under the common law. YETI's Trade Dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's Trade Dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's Trade Dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware bottle products. YETI's Trade Dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's Trade Dress acquired this secondary meaning before Defendants commenced their unlawful use of YETI's Trade Dress and colorable imitations thereof in connection with the infringing products.

83.    Defendants' use of YETI's Trade Dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trade Dress with YETI and YETI's drinkware bottle products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

84.     Defendants' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by the similarity of the infringing products to YETI's Trade Dress, as demonstrated in, for example, Illustrations 1-6 above, and by Defendants' ongoing and continuing disregard for YETI's rights.

85.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

### Demand for Jury Trial

86.     YETI hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Defendants have (i) infringed YETI's Trade Dress in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's Trade Dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's Trade Dress in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's Trade Dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that these wrongful activities by Defendants were willful;

2.     An injunction against further infringement and dilution of YETI's Trade Dress, further acts of unfair competition, misappropriation, and unjust enrichment by Defendants and each of their managers, founding managers (including but not limited to John Jacobsen and James Jacobsen), agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell,

distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's Trade Dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code §§ 16.103 and 16.104;

3.    An Order directing Defendants to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.    An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's Trade Dress in Defendants' possession or control, (iii) all plates, molds, and other means of making the infringing products in Defendants' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendants' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.    An Order directing Defendants' to publish a public notice providing proper attribution of YETI's Trade Dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.    An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.    An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code §§ 16.103 and 16.104; and

8.    Such other and further relief as this Court deems just and proper.

Dated: October 14, 2016                 Respectfully submitted,


                                By: /s/J. Pieter van Es
                                Kevin Meek
                                Texas Bar No. 13899600
                                kevin.meek@bakerbotts.com
                                Baker Botts L.L.P.
                                98 San Jacinto Blvd., Suite 1500
                                Austin, Texas 78701
                                Telephone: (512) 322-5471
                                Facsimile: (512) 322-3622

                                Joseph J. Berghammer (admitted in the Western
                                District of Texas)
                                Illinois Bar No. 6273690
                                jberghammer@bannerwitcoff.com
                                J. Pieter van Es (admitted in the Western District of
                                Texas)
                                Illinois Bar No. 6210313
                                pvanes@bannerwitcoff.com
                                Sean J. Jungels (admitted in the Western District of
                                Texas)
                                Illinois Bar No. 6303636
                                sjungels@bannerwitcoff.com
                                Banner & Witcoff, Ltd.
                                Ten South Wacker Drive
                                Suite 3000
                                Chicago, IL 60606-7407
                                Telephone: (312) 463-5000
                                Facsimile: (312) 463-5001

                                **ATTORNEYS FOR YETI COOLERS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I caused the foregoing document to be electronically filed with the Clerk of the Court pursuant to the Electronic Filing Procedures, and I also caused the foregoing document to be served on Defendant through the following counsel of record via electronic mail:

Bailey K. Karris
bharris@fr.com
FISH & RICHARDSON P.C.
1221 McKinney, Suite 2800
Houston, TX 77010

W. Thomas Jacks
jacks@fr.com
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701

Neil J. McNabnay
mcnabnay@fr.com
Thomas M. Melsheimer
melsheimer@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201


 /s/ J. Pieter van Es_____
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001