UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,**<br><br>       Plaintiff,<br><br>    v.<br><br>**RTIC Coolers, LLC,**<br>**RTIC Drinkware, LLC, and**<br>**RTIC Web Services, LLC,**<br><br><br><br>       **Defendants.** | Case No. 1:16-cv-00985-RP<br><br>The Honorable Robert L. Pitman<br><br>Jury Trial Demanded |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff YETI Coolers, LLC ("YETI") and Defendants RTIC Coolers, LLC, RTIC Drinkware, LLC, and RTIC Web Services, LLC's (collectively, "RTIC") (collectively, "the Parties") jointly submit this report.

1. **Rule 26(f) Conference**

Counsel for the Parties conferred on November 2, 2016 as required by Fed. R. Civ. P. 26(f). YETI was represented by Katherine Laatsch Fink, and RTIC was represented by Elizabeth Brenckman.

2. **Nature and Basis of Claims and Defenses**

    a. YETI's Position

For several years, YETI has engaged in the development, manufacture, and sale of drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's drinkware. YETI has extensively and continuously promoted and used these designs in the United States and in Texas. Through that extensive and continuous use, the YETI designs have become

a well-known indicator of the origin and quality of YETI drinkware. The YETI designs also have acquired substantial secondary meaning in the marketplace and have become famous. YETI owns trademark and trade dress rights relating to the source identifying features of its drinkware designs. YETI owns trade dress rights in its "YETI 18 oz. Rambler® Bottle," "YETI 36 oz. Rambler® Bottle," and "YETI 64 oz. Rambler® Bottle," (collectively "YETI's Trade Dress"). YETI also owns additional intellectual property that is not presently involved in this suit.

RTIC has and continues to misappropriate the goodwill and secondary meaning in YETI's Trade Dress because, at least, RTIC has been and continues to advertise, offer for sale, and sell drinkware products that infringe and dilute YETI's Trade Dress. RTIC's unlawful conduct also gives rise to YETI's claims for false designation of origin, unjust enrichment, and misappropriation.

RTIC filed a motion to dismiss the claims in YETI's complaint, which YETI opposes.

b. <u>RTIC's Position</u>

This case is just another example of YETI's overreaching in an improper attempt to exclude a legitimate competitor from selling products allegedly similar to YETI's generically-designed, functional products sold by many other third-party companies—here, basic, stainless-steel beverage bottles with black caps—*that YETI has been selling for less than one year*.

As asserted in RTIC's currently-pending (now fully-briefed) motion to dismiss, YETI's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because YETI failed to state a claim against RTIC as to any of its claims. In particular, YETI failed to sufficiently allege: (ii) protectable legal rights in the designs of its generic stainless-steel beverage bottles; and (ii) anything other than the blanket legal standards for its claims of trade dress infringement, unfair competition and false designation of origin, dilution, misappropriation, and unjust enrichment. As explained in detail in RTIC's motion, these failures doom YETI's claims—and because YETI will

not be able to cure these deficiencies, its trade dress claims should be dismissed without leave to amend.

In any event, RTIC does not infringe any of YETI's alleged trade dress or trademark rights, and denies each of YETI's other claims against it. YETI is not entitled to any relief.

3. **Possibility of Settlement**

The Parties have engaged in settlement discussions that covered the products at issue in this case, have continued to engage in settlement discussions, and remain open to continuing settlement discussions.

4. **Proposed Scheduling Order**

The Parties will file a Proposed Scheduling Order on November 22, 2016, pursuant to Local Rule CV-16(c).

5. **Rule 26(f) Discovery Plan**

The Parties conferred and agreed on the matters listed in Rule 26(f) as set forth below.

a. Rule 26(f)(3)(A) – Initial Disclosures. The Parties do not request changes in the form or requirement for disclosures under Rule 26(a)(1)(A). The Parties have exchanged or will exchange initial disclosures by November 16, 2016.

b. Rule 26(f)(3)(B) – Subjects and Timing of Discovery. The Parties anticipate discovery on all matters relevant to their pending claims and defenses, including, but not limited to, liability and damages. As set forth above, the Parties will file a proposed scheduling order setting forth a proposal for discovery.

c. Rule 26(f)(3)(C) – Electronically Stored Information. The Parties are discussing terms and conditions for the preservation and production of Electronically Stored Information ("ESI") and the scope of electronic discovery, including the possibility of streamlining

document discovery across related cases. Counsel for YETI will send counsel for RTIC a proposed production agreement in due course.

d. Rule 26(f)(3)(D) – Privilege Issues. Given the nature of the Parties' claims and defenses, the Parties anticipate confidential information will be exchanged in this case. The Parties are therefore discussing a Protective Order that will be submitted to the Court for consideration. Counsel for YETI will send a proposed Protective Order to counsel for RTIC in due course. The proposed Protective Order will include a section addressing the procedure for asserting claims of privilege and work product protection after production.

e. Rule 26(f)(3)(E) – Discovery Limitations. Other than the agreements set forth below, the Parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33, and CV-36.

   i. The Parties agree to endeavor to disclose the names of their respective 30(b)(6) witnesses and their designated topics at least seven business days before the date of the deposition, reserving the right to change the designation in advance of the deposition to the extent necessary.

f. Rule 26(f)(3)(F) – Other Orders. At this time, the Parties have not requested any orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c), but the Parties will be requesting a Scheduling Order and Protective Order, as discussed above.

Dated: November 15, 2016

Respectfully submitted,

By: /s/ Sean Jungels
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS LLP**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
Sean Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, IL 60606
Telephone: 312-463-5000
Facsimile: 312-463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

By: /s/ Elizabeth E. Brenckman (with permission)
**Thomas M. Melsheimer**
Texas Bar No. 13922550
melsheimer@fr.com
**Neil J. McNabnay**
Texas Bar No. 24002583
mcnabnay@fr.com
**Natalie L. Arbaugh**
Texas Bar No. 24033378
arbaugh@fr.com
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 - Telephone
(214) 747-2091 – Facsimile

**William T. "Tommy" Jacks**
Texas Bar No. 10452000
jacks@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
(512) 472-5070 - Telephone
(512) 320-8935 - Facsimile

**Bailey K. Harris**
Texas Bar No. 24083139
bharris@fr.com
1221 McKinney St., Suite 2800
Houston, TX 77010
(713) 654-5300 - Telephone
(713) 652-0109 – Facsimile

**Elizabeth E. Brenckman**
(admitted *pro hac vice*)
brenckman@fr.com
601 Lexington Avenue, Flr 52
New York, NY 10022
(212) 641-2305 – Telephone
(212) 765-5070 – Facsimile

**ATTORNEYS FOR RTIC COOLERS, LLC; RTIC DRINKWARE, LLC; and RTIC WEB SERVICES, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2016, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was thereby caused to be served on Defendants by and through Defendants' counsel of record.

                                                    /s/ Sean Jungels
                                                    FOR YETI COOLERS, LLC